IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. 7:24-CV-00056-BO-BM

| | |
|---|---|
| NATONYA OWENS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE UNIVERSITY OF NORTH ) <br> CAROLINA AT PEMBROKE, ) <br> Defendant. ) <br> ) <br> ) | **JOINT REPORT OF THE** <br> **PARTIES' PLANNING MEETING** <br> Fed. R. Civ. P. 26(f) |

**REPORT OF THE PARTIES' PLANNING MEETING**

1. The following persons participated in a Rule 26(f) conference on April 10, 2025 by Microsoft Teams:

Evan G. Gungor, representing Plaintiff Natonya Owens

Anne P. Martin, representing Defendant the University of North Carolina at Pembroke ("UNCP" or "Defendant")

2. Initial Disclosures. The parties will exchange the initial disclosures required by Rule 26(a)(1) no later than **30** days following the Court's entry of the discovery scheduling order.

3. Discovery Plan. The parties propose this discovery plan:

(a) Discovery will be needed on these subjects: Plaintiff's claim that Defendant violated Title VII of the Civil Rights Act of 1964 by discriminating against Plaintiff;

Plaintiff's claim that Defendant interfered with Plaintiff's rights under the Family Medical Leave Act; and Defendant's defenses.

(b) Discovery shall commence **30** days after the entry of the Court's discovery scheduling order and shall be completed by **January 26, 2026**.

(c) Interrogatories (including subparts) should be limited to **25** in number for each party. Responses to interrogatories shall be due as provided by the Federal Rules of Civil Procedure, except that the Parties may stipulate to extensions not to exceed the end of the discovery period.

(d) Requests for admission (including subparts) should be limited to **25** in number for each party. Responses to requests for admission shall be due as provided by the Federal Rules of Civil Procedure, except that the Parties may stipulate to extensions not to exceed the end of the discovery period.

(e) Each party is limited to **7** depositions (including expert depositions).

(f) Each deposition shall not exceed the **7** on-the-record hours, as provided by the Federal Rules of Civil Procedure.

(g) Reports required by Rule 26(a)(2)(B) and disclosures required by Rule 26(a)(2)(C) are due from Plaintiff by **September 22, 2025**, and from the Defendant by **October 20, 2025**. Plaintiff's rebuttal is due by **November 3, 2025**.

2

(h) Supplementations under Rule 26(e) are due within **30** days of knowledge that a discovery response should be supplemented. If supplementation is required after the completion of discovery, it shall be made as soon as reasonably possible.

(i) The parties have discussed that this lawsuit could involve the discovery of electronically stored information (ESI) and report to the Court the following:

(1) At this point the parties are not aware of the full extent of relevant information that may be stored electronically. The parties have identified the following potential sources of electronically stored evidence that may be relevant to one or more claims or defenses at issue:

(a) Electronic mail (including all electronic attachments) sent to and/or from the parties relating to the matters set forth in the Amended Complaint;

(b) Documents and other records stored by the Plaintiff on her personal computer, phone, tablet, or other devices relating to the facts alleged in the Amended Complaint;

(c) Any other electronically stored information that becomes evident or known during the discovery period and that would fall within the scope of Fed. R. Civ. P. 26 for discovery purposes.

(2) The parties agree to produce ESI in compliance with Rule 34(b)(2)(E), with the following provisions: The parties agree to make good faith efforts to produce discoverable ESI in searchable PDF format, except materials that are not readily converted to PDF (such

3

as Excel spreadsheets and audio and video formats, mp4, wavs, etc.) will be produced in native format, so long as native format is reasonably usable by the other party. The parties further agree that they will make good faith efforts to identify relevant electronically stored information and will preserve any such information identified, provided that Defendant will not be required to deviate from its normal record retention requirements with respect to ESI or other records that have not been previously specifically identified by the parties as relevant to this action.

(3) As set forth in Fed. R. Civ. P. 26(b)(2)(B), a party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible due to undue burden or cost. On motion to compel discovery or for a protective order, the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the Court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Fed. R. Civ. P. 26(b)(2)(C). The Court may specify conditions for the discovery, including but not limited to entering an order allowing discovery of such information at the expense of the party seeking the discovery.

(j) The parties have discussed issues related to claims of privilege and protection as trial-preparation material and agreed upon a procedure to assert such claims after an inadvertent production of privileged or trial-preparation materials. The parties agree that an inadvertent disclosure of privileged or trial-preparation materials (absent a clear, written

indication of the intent to waive such privilege or protection) shall not be deemed a waiver or forfeiture of such privilege or protection provided that the party making the production or disclosure promptly identifies any such documents mistakenly produced after discovery of the inadvertent production. Upon request, any such mistakenly produced documents shall be returned. In the event of a dispute over use of any privileged materials, the receiving party must sequester or destroy all copies, and may not use or disseminate the information contained therein until such time as the dispute over the claim of privilege is resolved by the Court.

The parties further agree that the production of documents in this case shall not constitute a waiver of privilege or protection from discovery in this case or in any other proceeding. In addition, the Parties request that the Court enter a Rule 502(d) order. A proposed order agreed to by the parties is attached for the Court's consideration. If the proposed Rule 502(d) order is acceptable to the Court, the parties respectfully request that the Court enter the Order.

(k) The parties anticipate that the exchange of sensitive confidential information—such as private financial information, medical and other healthcare records, personnel records, and tax returns—may be called for during discovery, and therefore anticipate entering a consent protective order to facilitate the exchange of such information.

4. Other items:

5

(a) The parties do not request a conference of the Court prior to entering a scheduling order.

(b) The parties request that the Court schedule any pretrial conferences **4** weeks before the scheduled trial date.

(c) Plaintiff should be allowed through **July 16, 2025**, to request leave to join additional parties or to amend pleadings.

(d) Defendant should be allowed through **September 16, 2025**, to request leave to join additional parties or to amend pleadings.

(e) Dispositive motions shall be filed within **30** days of the close of the discovery period.

(f) Plaintiff has issued a settlement demand to Defendant, and the parties are evaluating prospects for settlement.

(g) The parties have discussed mediation plans pursuant to Local ADR Rule 101.a(b) and agree that mediation shall take place before the close of the discovery period. The parties will make good faith efforts to select a mediator by agreement within **21** days of the initial pretrial order, per Local ADR Rule 101.c(a).

(h) Plaintiff's Rule 26(a)(3) witness lists, designation of witnesses whose testimony will be presented by deposition, and exhibit lists are due **30** days before the final pretrial conference, and Defendant's witness lists, designation of witnesses whose testimony will

be presented by deposition, and exhibit lists are due **14** days before the final pretrial conference.

(i) Objections under Rule 26(a)(3) are due within **14** days of having received the 26(a)(3) materials.

(j) The parties request a trial date no earlier than **July 27, 2026**, or 60 days after a decision on any dispositive motion, whichever is later, and estimate trial to last 5 days.

(k) Other Matters.

(i) The parties have discussed the possibility of consenting to magistrate judge jurisdiction and do not consent to magistrate judge jurisdiction.

(ii) The parties have agreed that any documents not served through the electronic filing system with the court may be served by electronic mail and shall be deemed received on the date the email is sent. The parties agree to send a courtesy copy to a support staff member, if designated by counsel for the respective parties, when serving documents on the other party by electronic mail.

(iii) The parties agree that any motions in limine shall be filed **7** days before the final pretrial conference.

This the 22nd day of April, 2025.

| | |
|---|---|
| **/s/ Evan G. Gungor**_____ <br> Evan G. Gungor <br> NC State Bar No. 60902 <br> Email: evan.gungor@spitzlawfirm.com <br> Spitz, The Employee's Law Firm <br> 5540 Centerview Drive <br> Suite 200B <br> Raleigh, NC 27606 <br> Phone: (980) 332-4688 <br> Facsimile: (216) 291-5744 <br><br> *Attorney for Plaintiff* | **JEFF JACKSON** <br> **Attorney General** <br><br> **/s/ Anne P. Martin** <br> Anne P. Martin <br> Assistant Attorney General <br> NC State Bar No. 48760 <br> Email: Amartin@ncdoj.gov <br> North Carolina Department of Justice <br> PO Box 629 <br> Raleigh, NC 27602 <br> Tel: 919.716.6689 <br> Fax: 919.716.6764 <br><br> *Attorney for Defendant* |

9

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed **JOINT RULE 26(f) REPORT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Anne P. Martin: amartin@ncdoj.gov.

This the _____ day of _____, 2025.

                                                 **/s/ Evan G. Gungor_____**
                                                 Evan G. Gungor
                                                 NC State Bar No. 60902
                                                 Email: evan.gungor@spitzlawfirm.com
                                                 Spitz, The Employee's Law Firm
                                                 5540 Centerview Drive
                                                 Suite 200B
                                                 Raleigh, NC 27606
                                                 Phone: (980) 332-4688
                                                 Facsimile: (216) 291-5744

                                               *Attorney for Plaintiff*